# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENNIS E. JONES
        Petitioner,

v.                                                                 Case No. 00-C-0130

GERALD BERGE
        Respondent.

## ORDER

On February 21, 2003, I conditionally granted petitioner Dennis Jones's application for a writ of habeas corpus, concluding that he had been deprived of the assistance of counsel in his direct appeal. I ordered that petitioner be released within 120 days unless the State of Wisconsin granted him a new appeal with the assistance of counsel. Jones v. Berge, 246 F. Supp. 2d 1045 (E.D. Wis. 2003).

Petitioner has now filed a motion to execute the writ and obtain immediate release, arguing that the State failed to afford him a "new" appeal as required by my Order. Because the State has not violated my Order, I deny the motion.

## I. FACTS AND BACKGROUND

Petitioner was convicted by a jury of armed robbery, possession of a firearm as a felon, and possession of a short-barreled shotgun. Petitioner filed a notice of intent to pursue post-conviction relief, and the State Public Defender appointed counsel to represent him on appeal. Following a disagreement with petitioner as to the proper method of proceeding, appointed counsel closed his file. Petitioner contacted the Wisconsin Court of Appeals asking that another lawyer be appointed, and the court

responded that petitioner had three options: (1) allow counsel to continue representing him, which probably meant the filing of a no merit report; (2) discharge counsel and proceed pro se; or (3) discharge counsel and give up his appeal. Upon receiving the court's response, petitioner again asked that a new lawyer be appointed. If the court declined, he wrote, it would be forcing him "to go pro se knowing that he is incompetent." The court of appeals declined to appoint new counsel and wrote: "The defendant states that in the absence of the appointment of new counsel, he wishes to proceed pro se." It then discharged counsel and granted petitioner an extension of time to file a notice of appeal or post-conviction motion. Petitioner filed a pro se post-conviction motion in the circuit court, lost, appealed, and lost again in the court of appeals. The Wisconsin Supreme Court denied his request for review. Jones, 246 F. Supp. 2d at 1047-50.

Petitioner then sought habeas relief in this court. I concluded that petitioner had not waived his right to counsel on appeal, and that the state court of appeals acted unreasonably in equating petitioner's apparent choice not to have counsel file a no merit report with waiver of the right to have any lawyer assist him. Id. at 1053-56. I further concluded that even if petitioner had waived his right to the assistance of counsel, there was no evidence from which the court of appeals could have concluded that it was a knowing and intelligent waiver. Id. at 1057-59. I therefore ordered the State to release petitioner within 120 days unless he was given a new appeal with the assistance of counsel. Id. at 1059.

The State did not appeal my decision to the Seventh Circuit. Instead, it reinstated petitioner's direct appeal rights, and counsel was appointed to represent him. Petitioner then filed a post-conviction motion in the state circuit court. However, before the motion

2

could be heard, petitioner's appointed counsel moved to withdraw, stating that petitioner disagreed with him about the grounds on which they should proceed. The state circuit court held a hearing on the motion, conducted a colloquy with petitioner to determine whether he wished to proceed without counsel, and whether he understood the responsibilities and difficulties of self-representation. The circuit court found that petitioner validly waived counsel, allowed him to proceed pro se, and granted counsel's motion to withdraw. The circuit court then denied petitioner's post-conviction motion, following a Machner hearing.[1] (Petr.'s Ex. 1 at 3, 5.)

Petitioner appealed, and the court of appeals affirmed. The appellate court first found that petitioner had knowingly, intelligently and voluntarily waived his right to counsel on appeal. Based on the waiver, the court declined to revisit the issues it had decided in petitioner's previous, pro se appeal and incorporated its decision from that appeal as its decision in this appeal. It then proceeded to address and deny petitioner's new issues on their merits. (Petr.'s Ex. 1 at 3-8.) The state supreme court denied review. (Petr.'s Ex. 2.)

## II. DISCUSSION

The federal habeas court retains the power, following the issuance of a conditional writ, to order the petitioner's release if the State fails to meet the condition specified in the conditional order. Phifer v. Warden, United States Penitentiary, 53 F.3d 859, 864 (7th Cir. 1995); see also Gilmore v. Bertrand, 301 F.3d 581, 582-83 (7th Cir. 2002)

---

[1] In State v. Machner, 92 Wis. 2d 797 (Ct. App. 1979), the court set forth the procedure for determining post-conviction motions based on ineffective assistance of trial counsel.

3

(noting that the habeas court retains jurisdiction following issuance of conditional writ to grant the State an extension of time to comply).

> Conditional orders are essentially accommodations accorded to the state. They represent a district court's holding that a constitutional infirmity justifies petitioner's release. The conditional nature of the order provides the state with a window of time within which it might cure the constitutional error. Failure to cure that error, however, justifies the district court's release of the petitioner.

Phifer, 53 F.3d at 864-65 (internal citations and quote marks omitted).

In the present case, petitioner argues that by relying on its previous decision on certain issues the court of appeals denied him the "new" appeal required by the conditional writ. His argument fails.

The State complied with my order by resurrecting petitioner's direct appeal and appointing counsel to represent him. Petitioner voluntarily waived the right to counsel and chose to proceed pro se.[2] Petitioner presented his claims in a post-conviction motion to the circuit court, which granted him a hearing. He then appealed to the court of appeals, which affirmed, and state supreme court, which denied review.

It was not unreasonable for the court of appeals to rely on its previous decision on those issues raised in the first appeal. Without the presence of counsel in the new appeal, there was no reason for the state court to believe that its determinations on those issues were constitutionally infirm.[3] Petitioner had the option of counsel's assistance in bolstering his arguments on those issues, but he voluntarily gave it up. Moreover,

---

[2]Petitioner does not challenge this finding by the state courts.

[3]The sole basis for the conditional writ was that petitioner had been denied the assistance of counsel on appeal. I did not find that the state courts ruled unreasonably on any issues petitioner presented.

petitioner points to nothing in the record of the new appeal which casts doubt on those determinations. In other words, he does not contend that he presented new and significant arguments on those issues which the appellate court unreasonably refused to consider. Finally, the state court of appeals took up and addressed on the merits the new issues petitioner raised. It did not block him from pursuing those claims, or rely on any determinations from the previous, unassisted appeal to reject them.

Petitioner relies on Burdine v. Johnson, 87 F. Supp. 2d 711 (S.D. Tex. 2000), but that case is inapposite. In Burdine, the district court ordered that the petitioner be released or retried within 120 days, but the state failed to do either, or to request a stay, within the 120 day period. Id. at 713-14. The petitioner argued for immediate and unconditional release, as well as an order barring the State from re-trying him. Id. at 717. The court ordered that the petitioner be released but did not bar a re-trial. Id. at 718. In the present case, the State complied with my Order by re-instating petitioner's appeal rights within the time allotted. It did not ignore my Order, as in Burdine.

Turner v. Bagley, 401 F.3d 718 (6th Cir. 2005), upon which petitioner also relies, is also of no help to him. The issue there was whether the federal habeas court should excuse the petitioner's failure to exhaust his state remedies where his direct appeal languished in the state courts for nearly a decade before being dismissed for failure to prosecute. The court held that exhaustion should be excused, and that because the ineffective assistance rendered by the petitioner's attorneys deprived him of an opportunity to pursue a meaningful direct appeal, he was entitled to an unconditional grant of habeas corpus relief. Id. at 727. In the present case, although petitioner's case

5

has been around for awhile, there was no unconstitutional delay in the state courts, which ruled on his appeals in a reasonable amount of time.[4]

Petitioner also asks that I hold the assistant attorney general or state court judges involved in his case in contempt. Because the State complied with the conditional writ, no sanctions are warranted.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the motion (R. 91) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[4]Petitioner also cites Ward v. Wolfenbarger, 340 F. Supp. 2d 773 (E.D. Mich. 2004), but in that case the court granted an unconditional writ because it made no sense to send the petitioner back for a fresh appeal 33 years after his convictions. Petitioner has endured no similar delays in the present case.